**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

| | | |
|---|---|---|
| **SALLY MODZELEWSKI** | ) | **CASE NO.** |
| **3042 Gilbert, Unit #2,** | ) | |
| **Cincinnati, OH 45206** | ) | |
| | ) | **JUDGE:** |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | **COMPLAINT WITH JURY** |
| **GIDEON CRAYMER, In his Individual** | ) | **DEMAND** |
| **Capacity as a Covington, Kentucky Police** | ) | |
| **Officer** | ) | |
| **3446 Burlington Pike,** | ) | |
| **Burlington, KY 41005** | ) | |
| | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

Comes Plaintiff, Sally Modzelewski, by and through counsel, and for her Complaint against the above-named Defendant, states as follows:

## PARTIES TO THE ACTION

1. Plaintiff, Sally Modzelewski, was, at all times relevant, a resident of Cincinnati, Ohio, residing at the address listed above.

2. Defendant, Gideon Craymer, was, at all relevant times hereto, an officer of the Covington Police Department and was, at all relevant times, acting under color of law. He resides at the address listed above.

## JURISDICTION AND VENUE

3. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

4. This action is brought to redress grievances arising from the deprivation of rights protected by the United States Constitution, am. IV; am. XIV, § 1, and Federal law. 42 U.S.C. § 1983. This Court has jurisdiction over these matters under 28 U.S.C. §§ 1331, 1343(a)(3).

5.      This Court is the proper venue for this matter under 28 U.S.C. § 1391(b)(1), because Defendant is a resident of the Commonwealth of Kentucky, the state in which this district is located.

6.      This Court is also the proper venue for this matter under 28 U.S.C. § 1391(b)(2), because all of the events giving rise to this action took place within this judicial district in Covington, Kentucky.

## FACTUAL ALLEGATIONS

7.      Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

8.      Plaintiff suffers from *diabetes mellitus*, a disease in which the body is unable to properly regulate its blood sugar level.

9.      When a diabetic patient's blood sugar becomes too high or too low, they can experience "blackouts," or losses of memory and consciousness.

10.     On June 21, 2023, Plaintiff began to suffer a diabetes-related blackout just before crossing the Brent Spence Bridge, entering Covington, Kentucky.

11.     She had never passed out or blacked out prior to this.

12.     Plaintiff's vehicle struck the rear of another vehicle in front of it.

13.     Plaintiff, a witness, and the vehicle she struck pulled into the 'Old' Cork N' Bottle parking lot, now called 'Uncorked.'

14.     Defendant Craymer responded to the scene at some point.

15.     Plaintiff, in her blackout state, remained stationary with her windows rolled up.

16.     Defendant knocked on the window of Plaintiff's car.

17.     Plaintiff continued to be unresponsive still suffering from extremely low blood sugar levels.

18.  Defendant opened the door to Plaintiff's car and continued to give her commands.

19.  Plaintiff was unable to respond coherently to Defendant's demands and became belligerent.

20.  Defendant reached inside the car to put its transmission in "park."

21.  Defendant then aggressively grabbed Plaintiff by her arm to try to pull her out of the car.

22.  Defendant began yanking Plaintiff by her head and then arm to try to force her out, despite being unable to effectively communicate due to her suffering from a severe diabetic event.

23.  Defendant punched Plaintiff several times in the course of extracting her from the car.

24.  At one Defendant struck Plaintiff's head and while Plaintiff reflexively grabbed her head where he hit it.

25.  Defendant eventually pulled Plaintiff out of the car, dropping her headfirst onto the parking lot pavement, and putting all of his body weight on her neck.

26.  Defendant handcuffed Plaintiff while other responding officers patted her down.

27.  Plaintiff continued to be incoherent throughout this whole exchange.

28.  Emergency Medical Technicians ("EMTs") arrived at the scene and advised that Plaintiff was suffering from a diabetic emergency.

29.  Plaintiff was given treatment by the EMTs to restore her blood sugar levels.

30.  After receiving this treatment, Plaintiff became able to respond to the officers.

31.  The Covington Police, not the EMTs, took Plaintiff in handcuffs to St. Elizabeth's Hospital in Covington.

32.  Plaintiff arrived at the hospital with scratches, abrasions, and bruises covering her face.

33.  Defendant told the responding nurses that Plaintiff "ha[d] been hit in the face and other places quite a few times."

34.  The hospital staff corroborated that Plaintiff had been suffering from low blood sugar

which had caused her to blackout and become confused and belligerent.

35.     Criminal charges against Plaintiff were subsequently dropped and she was released to her

        mother's care.

36.     Plaintiff now brings this action raising her claim of Excessive Force and Fourth

        Amendment Violations under 42 U.S.C. § 1983.

### COUNT I
### 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

37.     Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

38.     Plaintiff has a constitutionally-protected right under the Fourth Amendment to the United

        States Constitution to be free from unreasonable seizures by state actors, which includes

        the use of "excessive force" against non-convicted persons, which Section 1 of the

        Fourteenth Amendment extends this requirement to the several states and their agents.

39.     Defendant's actions against Plaintiff were taken in his capacity as an officer of the

        Covington Police Department acting under the color of law at all relevant times.

40.     Plaintiff was not a threat to anyone at that point in time by sitting unarmed in a parked car.

41.     The actions taken by Defendant, which included beating Plaintiff and dropping her on her

        head, were objectively unreasonable based upon the totality of the circumstances.

42.     Defendant's conduct, as described above, constituted excessive force, in violation of

        Plaintiffs' rights as secured by the Fourth and Fourteenth Amendments to the United States

        Constitution.

43.     Defendant was acting under color of state law when he subjected Plaintiff, and/or caused

        Plaintiff to be subjected to the deprivation of the rights, privileges, and immunities secured

        to her by the United States Constitution.

44.     As a direct and proximate result of Defendant's actions, Plaintiff was subjected to excessive force, and personal injuries from excessive use of force, including bruising and bleeding, pain and suffering, and emotional distress, which Plaintiff continues to suffer as a result.

## DAMAGES

45.     Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

46.     Plaintiff was physically injured as a consequence of Defendant's use of excessive force.

47.     As a result of the foregoing, Plaintiff experienced unnecessary pain and suffering and severe and unjustified mental and emotional distress for which Plaintiff is entitled to recover actual damages.

48.     Defendant's violations of Plaintiff's rights were knowing, intentional, cruel and malicious; amount to gross, willful, intentional, and/or reckless conduct, with deliberate indifference to the rights of Plaintiff, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following:

A.  Judgment for Plaintiff on all counts, with damage awards for all relief requested;

B.  An award of compensatory damages including but not limited to medical bills, pain and suffering, emotional distress, loss of income, loss of future income, deprivation of property and liberty, and any other damages that may become apparent;

C.  For interest on all sums so awarded at the legal rate from and after the date of the injuries and after judgment;

D.  For attorneys' fees, and costs expended herein pursuant to statute;

E.  Pre and post judgment interest;

F.  For an award of punitive damages;

G.  For trial by jury on all issues so triable;

H.  For any and all other just and proper relief to which the record may show him entitled.

Respectfully submitted,

/s/ Benjamin T. D. Pugh

Christopher D. Roach (KY 95007)
Benjamin T.D. Pugh (KY 94032) (OH 0086781)
PUGH & ROACH, ATTORNEYS AT LAW, PLLC
28 West Fifth Street
Covington, KY 41011
859.291.5555
chris@prlaw.legal; tom@prlaw.legal