**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 2:24-CV-00085-DLB**

**SALLY MODZELEWSKI**                                                                                                           **PLAINTIFF**

**v.**

**GIDEON CRAYMER**                                                                                                         **DEFENDANT**

**ANSWER**

The Defendant, Gideon Craymer, in his individual capacity as a Covington Police Officer, by and through counsel, for his Answer to the Complaint, states as follows:

1. Defendant denies the averments in paragraph 1 of the Complaint or lack of knowledge or information sufficient to form a belief as to their truth or falsity.

2. Defendant admits the averments in paragraph 2 of the Complaint.

3. Defendant reiterates his admissions and denials to the averments in paragraphs 1 through 2 as adopted in paragraph 3 of the Complaint.

4. The averments in paragraph 4 of the Complaint call for a conclusion of law which Defendant is not required to make and accordingly, no response is required.

5. The averments in paragraph 5 of the Complaint call for a conclusion of law which Defendant is not required to make and accordingly, no response is required.

6. The averments in paragraph 6 of the Complaint call for a conclusion of law which Defendant is not required to make and accordingly, no response is required.

7. Defendant reiterates his admissions and denials to the averments in paragraphs 1 through 6 as adopted in paragraph 7 of the Complaint.

8. Defendant denies the averments in paragraph 8 of the Complaint or lack of knowledge or information sufficient to form a belief as to their truth or falsity.

9. Defendant denies the averments in paragraph 9 of the Complaint or lack of knowledge or information sufficient to form a belief as to their truth or falsity.

10. Defendant denies the averments in paragraph 10 of the Complaint or lack of knowledge or information sufficient to form a belief as to their truth or falsity.

11. Defendant denies the averments in paragraph 11 of the Complaint or lack of knowledge or information sufficient to form a belief as to their truth or falsity.

12. Upon information and belief, Defendant admits the averments in paragraph 12 of the Complaint.

13. Upon information and belief, Defendant admits the averments in paragraph 13 of the Complaint.

14. Defendant admits the averments in paragraph 14 of the Complaint.

15. Defendant denies the averments in paragraph 15 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity, but admit all matters depicted in Defendant's body worn camera footage.

16. Defendant admits the averments in paragraph 16 of the Complaint.

17. Defendant denies the averments in paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

18. Defendant admits the averments in paragraph 18 of the Complaint.

19. Defendant admits so much of paragraph 19 of the Complaint that avers that Plaintiff became belligerent but denies all remaining averments therein for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

20. Defendant admits the averments in paragraph 20 of the Complaint.

21. Defendant admits so much of paragraph 21 of the Complaint that avers that he grabbed Plaintiff by the arm in an effort to get her out of the vehicle, but denies all remaining averments therein.

22. Defendant admits so much of paragraph 22 of the Complaint that avers that Defendant made efforts to remove Plaintiff from her vehicle, but denies all remaining averments therein for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

23. Defendant admits so much of paragraph 23 of the Complaint that avers that he struck Plaintiff several times after Plaintiff physically resisted his efforts to remove her from the vehicle, spit at him, and failed to comply with his commands, but denies all remaining averments therein.

24. Defendant denies the averments in paragraph 24 of the Complaint and affirmatively states that his actions are depicted in the body worn camera footage of the incident.

25. Defendant admits so much of paragraph 25 of the Complaint that avers that he removed Plaintiff from her vehicle, and that she landed on her head in a parking lot, but denies all remaining averments therein.

26. Defendant denies the averments in paragraph 26 of the Complaint.

27. Defendant denies the averments in paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

28. Defendant admits the averments in paragraph 28 of the Complaint.

29. Defendant denies the averments in paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

30. Defendant denies the averments in paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

31. Defendant admits so much of paragraph 31 of the Complaint that avers that Plaintiff was transported to St. Elizabeth Hospital in Covington, but denies all remaining averments therein for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

32. Defendant denies the averments in paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

33. The St. Elizabeth Medical Center records, as referenced in paragraph 33 of the Complaint, speak for themselves and require no further response by Defendants.

34. The St. Elizabeth Medical Center records, as referenced in paragraph 34 of the Complaint, speak for themselves and require no further response by Defendants.

35. Defendant denies the averments in paragraph 35 of the Complaint and affirmatively states that Plaintiff was never criminally charged.

36. Defendant denies the averments in paragraph 36 of the Complaint.

37. Defendant reiterates his admissions and denials to the averments in paragraphs 1 through 36 as adopted in paragraph 37 of the Complaint.

38. The averments in paragraph 38 of the Complaint call for a conclusion of law which Defendant is not required to make and accordingly, no response is required.

39. Defendant admits so much of paragraph 39 of the Complaint that avers that he was acting as a Covington Police Officer under color of law with respect to his encounter with Plaintiff, but denies all remaining averments therein.

40. Defendant denies the averments in paragraph 40 of the Complaint

41. Defendant denies the averments in paragraph 41 of the Complaint.

42. Defendant denies the averments in paragraph 42 of the Complaint.

43. Defendant denies the averments in paragraph 43 of the Complaint.

44. Defendant denies the averments in paragraph 44 of the Complaint.

45. Defendant reiterates his admissions and denials to the averments in paragraphs 1 through 44 as adopted in paragraph 45 of the Complaint.

46. Defendant denies the averments in paragraph 46 of the Complaint.

47. Defendant denies the averments in paragraph 47 of the Complaint.

48. Defendant denies the averments in paragraph 48 of the Complaint.

## FIRST DEFENSE

1. The Complaint fails to allege facts sufficient to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

2. Defendant is entitled to qualified immunity from suit, from any federal claims asserted therein, and from the liability sought to be imposed by the Plaintiff in her Complaint.

## THIRD DEFENSE

3. Defendant is entitled to qualified official immunity from suit, from any state law claims asserted therein, and from the liability sought to be imposed by the Plaintiff in her Complaint.

**FOURTH DEFENSE**

4. At all times referenced in the Complaint, Defendant's actions were reasonable, proper, justified, lawful, and undertaken without any wrongful intent, impact or effect.

**FIFTH DEFENSE**

5. Plaintiff is estopped to assert the claims in her Complaint.

**SIXTH DEFENSE**

6. Defendant only used that amount of force reasonably necessary to secure Plaintiff, which bars Plaintiff from asserting the claims in her Complaint.

**SEVENTH DEFENSE**

7. If the Plaintiff was injured and/or damaged as alleged in the Complaint, her injuries and/or damages were caused solely as a result of his own acts or omissions.

**EIGHTH DEFENSE**

8. Alternatively, if the Plaintiff was injured and/or damaged as alleged in the Complaint, her injuries and/or damages were caused and brought about by the acts or omissions of a third-party over whom Defendant had no control, and for whose acts or omissions Defendant is neither liable nor responsible to the Plaintiff.

**NINTH DEFENSE**

9. Alternatively, if the Plaintiff was injured and/or damaged as alleged in the Complaint, her injuries and/or damages were caused by an intervening superseding cause outside the realm of knowledge, foreseeability or control of Defendant.

**TENTH DEFENSE**

10. Alternatively, Plaintiff's claims are barred because she failed to mitigate her damages.

**ELEVENTH DEFENSE**

11. Defendant affirmatively pleads and relies upon all defenses in the Claims Against Local Government Act, KRS 65.2000 *et seq.*

**TWELFTH DEFENSE**

12. Any and all actions of Defendant relating to the subject matter of the Complaint complied with applicable Kentucky and federal law leaving Plaintiff with no entitlement to any relief or remedy against the Defendant.

**THIRTEENTH DEFENSE**

13. The imposition of punitive damages against Defendant would violate his constitutional rights under the due process clause of the Fifth and Fourteenth Amendments, and the excessive fines clause of the Eighth Amendment to the United States Constitution, and similar provisions in the Constitution of the Commonwealth of Kentucky.

**FOURTEENTH DEFENSE**

14. To avoid waiver, Defendant asserts all affirmative defenses in Civil Rule 8(c) as a bar and/or limitation on Plaintiff's claims.

WHEREFORE, having fully answered, the Defendant, Gideon Craymer, in his individual capacity as a Covington Police Officer, demands that the Complaint be dismissed with prejudice at the cost of the Plaintiff, for an award of attorney fees incurred in defending this action, for trial by jury, and for any and all other relief to which he may appear to be entitled.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Jennifer L. Langen, Esq. (#87690)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200
859.392.7263 – Fax
jmando@adamsattorneys.com
jlangen@adamsattorneys.com

*Attorneys for Defendant, Gideon Craymer, in his individual capacity as a Covington Police Officer*

**CERTIFICATE OF SERVICE**

I hereby certify that on the **9th** day of July, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide notice of electronic filing to: Benjamin T.D. Pugh, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.